IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WHITNEY B. FOLEY, o/b/o
I.E.F., a minor child,

        Plaintiff,

vs.                                Case No. 11-2631-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying Whitney Foley supplemental security income payments for her child I.E.F. (hereinafter referred to as "plaintiff"). The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

**II. Legal standards for child disability**

The ALJ is required to apply a three-step analysis when making a determination of whether a child is disabled. In order to find that a child is disabled, the ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or

combination of impairments that is severe, and (3) that the child's impairment meets, medically equals, or functionally equals a listed impairment. Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); 20 C.F.R. § 416.924(a) (2012 at 858).

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal the listings. By "functionally equal the listings," the agency means that the severe impairment must be of listing level severity, i.e., it must result in marked limitations in two domains of functioning or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a) (2012 at 867). The six domains to be considered are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1) (2012 at 868).

**III. History of case**

On August 11, 2010, administrative law judge (ALJ) Patricia E. Hartman issued her decision (R. at 14-27). Plaintiff was born on April 4, 1999. Whitney Foley filed her application on behalf of her son on February 7, 2008 (R. at 17). At step one, the ALJ determined that plaintiff has not engaged in substantial gainful activity since February 7, 2008, the application date

3

(R. at 17). At step two, the ALJ found that plaintiff has the following severe impairments: obstructive sleep apnea, obsessive compulsive disorder (OCD), and attention deficit hyperactivity disorder (ADHD) (R. at 17). At step three, the ALJ determined that plaintiff's impairments do not medically meet, equal or functionally equal a listed impairment (R. at 17-26). Therefore, the ALJ concluded that plaintiff has not been disabled since February 7, 2008, the application date (R. at 26-27).

**IV. Is the ALJ's determination that plaintiff does not have two marked impairments supported by substantial evidence?**

As set forth above, in order for an impairment to functionally equal a listing, it must result in marked limitations in two domains of functioning. The six domains of functioning and the ALJ's findings for each domain are set forth below:

| Domain of functioning | finding of ALJ |
|---|---|
| acquiring and using information | no limitation |
| attending and completing tasks | less than marked limitation |
| interacting and relating with others | less than marked limitation |
| moving about and manipulating objects | no limitation |
| caring for yourself | less than marked limitation |
| health and physical well-being | marked limitation |

4

(R. at 21-26).

The record contains two childhood disability evaluation forms prepared by state psychological consultants.  The first one, filled out by Dr. McRoberts on May 29, 2008 (R. at 322-327), and a second one filled out by Dr. Siemsen and Dr. Bergmann-Harms on September 5-6, 2008 (R. at 361-366).  Their findings in the six domains were as follows:

| Domain | McRoberts | Siemsen/Bergmann-Harris |
| --- | --- | --- |
| acquiring and using information | [not marked on form] | less than marked |
| attending and completing tasks | less than marked | less than marked |
| interacting and relating with others | less than marked | marked |
| moving about and manipulating objects | [not marked on form] | no limitation |
| caring for yourself | marked | less than marked |
| health and physical well-being | less than marked | less than marked |

(R. at 324-325, 363-364).

The ALJ summarized the reports of the above consultants (R. at 20-21), and then stated the following:

> Even though, the undersigned additionally found less than marked limitations in interacting with others and caring for self, the undersigned otherwise gave significant weight to these assessments and medical source statements at Exhibit 7F and 14F,

5

> because they are supported by findings on
> physical and psychological examinations and
> are consistent with the other evidence of
> record when viewed as a whole.

(R. at 21). Although the two consultant evaluations and the ALJ each found one marked impairment, all three differed regarding which of the six domains was a marked impairment.

The court will first address the domain of interacting and relating with others. Dr. McRoberts found a less than marked impairment in this category, stating the following:

> …He has a very serious problem playing with
> other children and expressing anger
> appropriately. He has a serious problem
> interpreting meaning of facial expressions,
> body language. An obvious problem relating
> experiences and telling stories.

(R. at 324). Dr. Siemsen and Dr. Bergmann-Harms found a marked impairment in this category, stating the following:

> …He has a very serious problem playing with
> other children and expressing anger
> appropriately. He has a serious problem
> interpreting meaning of facial expressions,
> body language. An obvious problem relating
> experiences and telling stories. He also
> has serious problems w/ frustration
> tolerance and handling emotional needs,
> calming himself when upset. Mo notes clmt
> has difficulty making and keeping
> friends…Recent TS note indicates some
> improvemt but still has outbursts, sometimes
> on a daily basis.

(R. at 363).

In his decision, the ALJ made the following findings regarding this domain:

> <u>The claimant has less than marked limitation in interacting and relating with others</u>. The claimant's mother testified that he is doing well with other students, but has difficulties at least three times a week. He has not recently gotten into any physical altercations, but was suspended in the past due to being aggressive with other children. The claimant testified that he has friends and that he plays basketball with his best friend in the neighborhood. State consultant Dr. McRoberts, reported that the claimant had problems playing with other children, expressing anger appropriately, relating experiences, telling stories, and interpreting the meaning of facial expressions and body language.

(R. at 24).

To the extent that there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another. <u>Reveteriano v. Astrue</u>, 2012 WL 3055799 at *2 (10th Cir. July 27, 2012). However, in finding that plaintiff did not have a marked impairment in interacting and relating with others, the ALJ set forth a few facts and then cited to the report of Dr. McRoberts. However, the ALJ did not even mention the opinions of Dr. Siemsen and Dr. Bergmann-Harms, who found that plaintiff had a marked impairment in this category, when the ALJ made her findings. There is no explanation by the ALJ for adopting the one report while rejecting the other one. The ALJ failed to provide any explanation for rejecting the opinions of Dr. Siemsen and Dr. Bergmann-Harms in this domain. Furthermore, the ALJ's very

7

brief summary of some of the evidence fails to provide any explanation of how the evidence supported his decision.

This case is very similar to the case of Baker v. Barnhart, 410 F. Supp.2d 757, 766 (D. Wis. Dec. 30, 2005), in which the court held as follows:

> The ALJ provided no reasons for his conclusion. The "foregoing" was little more than a summary of some of the evidence; missing was any explanation of how the evidence supported the conclusion. See Johnson v. Barnhart, No. 05-C-129, 2005 WL 3271953, *9, 2005 U.S. Dist. LEXIS 30087, at *24 (W.D.Wis. Nov. 29, 2005) ("By merely summarizing the types of evidence he considered without describing how that evidence supported his decision, the ALJ prevented this court from performing an informed review of the reasons underlying his ... assessment."); see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir.2000) ("While the ALJ is not required to address every piece of evidence, he must articulate some legitimate reason for his decision.") (internal citations omitted); Herron v. Shalala, 19 F.3d 329, 333 (7th Cir.1994) (stating that the ALJ "must articulate at some minimal level his analysis of the evidence"). Nor did the ALJ resolve the conflict he identified between the report completed in 2002-03 (Tr. at 555-567) and the teacher questionnaire completed in January 2004 (Tr. at 625-32). See Scott v. Barnhart, 297 F.3d 589, 596 (7th Cir.2002) ("Rather than providing a meaningful discussion of these opinions and attempting to resolve the conflict, if any, among these different diagnoses, the ALJ merely cited the exhibit numbers and concluded that Darius 'has impairments of hyperactivity with some language, speech and cognitive delays.' ").

As in Baker, the ALJ failed to provide a meaningful discussion of the opinions in the two state agency assessments and resolve the conflict in the differing opinions expressed in those assessments. Furthermore, the ALJ cannot simply summarize some of the evidence and fail to explain how the evidence supported her conclusion. Therefore, in regards to the domain of interacting and relating with others, this case shall be remanded in order for the ALJ to explain the basis for adopting one of the medical source opinions and rejecting the other one, and to explain how the evidence supports the ALJ's conclusion.[1]

The court will next address the domain of caring for yourself. Dr. McRoberts found a marked limitation in this domain, stating the following:

> Basehor School shows child has a serious problem daily with handling frustration appropriately, being patient when necessary, identifying and appropriately asserting emotional needs and responding appropriately to changes in own mood (calming).

(R. at 325). Dr. Siemsen and Dr. Bergmann-Harms found a less than marked impairment in this category, stating the following:

---

[1] Defendant's brief cites to evidence in the record and sets forth arguments to support the ALJ's finding in this domain; however, much of this evidence was not cited to by the ALJ to support his finding in this domain, and many of the arguments set forth by the defendant were not made by the ALJ when making his finding in this domain. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

9

>     Basehor School shows child has a serious
>     problem daily with handling frustration
>     appropriately, being patient when necessary,
>     identifying and appropriately asserting
>     emotional needs and responding appropriately
>     to changes in own mood (calming). Physical
>     self-care is approp. at school. Mo notes he
>     needs constant reminders for self-care and
>     chores.

(R. at 364).

In his decision, the ALJ made the following findings regarding this domain:

> The claimant has less than marked limitation in the ability to care for himself. The claimant's mother testified that he has to be reminded to wash his hair and use soap when he is in the shower along with constant reminders to do his chores correctly. The State consultant also noted that the claimant had difficulty handling frustration appropriately, being patient, asserting emotional needs, and responding appropriately to changes in his own mood.

(R. at 25). As in the case of the previous domain, the ALJ failed to explain the basis for adopting the opinion of one of the state agency assessments while rejecting the other one. The ALJ simply set forth a few facts, including both state agency assessments. The ALJ's very brief summary of some of the facts fails to provide any explanation of how the evidence supported his decision. Therefore, in regards to the domain of caring for yourself, this case shall be remanded in order for the ALJ to explain the basis for adopting one of the medical source

opinions and rejecting the other one, and to explain how the evidence supports the ALJ's conclusion.

Finally, the court will address plaintiff's contention that the ALJ erred by failing to find that plaintiff was markedly limited in the domain of attending and completing tasks. Regarding this domain, both state agency assessments found that plaintiff had a less than marked limitation in this domain (R. at 324, 363). The ALJ cited to the reports of plaintiff's teachers and the two state agency assessments in support of his finding that plaintiff had a less than marked limitation in this category (R. at 23). The record also contains two teacher questionnaires regarding this domain.[2] The first one, prepared on March 13, 2008, indicates that plaintiff has no problem in 7 of the 13 categories on the form, and only a slight problem in the other 6 categories (R. at 170). The second one, prepared on January 14, 2010, indicates that plaintiff has an obvious problem in 1 category, a slight problem in 11 categories, and no problem in 1 category (R. at 237).[3] In light of the fact that the ALJ's findings in this domain are consistent with both state

---

[2] The teacher questionnaires provide five rating categories: (1) no problem, (2) a slight problem, (3) an obvious problem, (4) a serious problem, and (5) a very serious problem (R. at 170, 237).
[3] A child will be considered to have a marked limitation in a domain <u>when the impairment(s) interferes seriously with the claimant's ability to independently initiate, sustain, or complete activities</u>. The claimant's day-to-day functioning may be seriously limited when his/her impairment(s) limits only one activity or when the interactive and cumulative effects of his/her impairment(s) limit several activities. Marked limitation also means a limitation that is more than moderate but less than extreme. It is the equivalent of the functioning one would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. 20 C.F.R. § 416.926a(e)(2)(i) (2012 at 869, emphasis added). Neither teacher found that plaintiff had a serious problem in any of the categories in this domain.

agency assessments and are also supported by the teacher questionnaires, the court finds that substantial evidence supports the ALJ's finding in the domain of attending and completing tasks.

**V. Are the ALJ's credibility findings supported by substantial evidence?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An

ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the

agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

Although the ALJ summarized the testimony of plaintiff's mother and the plaintiff (R. at 18-19), and mentioned some of the reports of his teachers, at no time did the ALJ make any credibility findings.  As noted above, the ALJ must explain and support with substantial evidence which part(s) of a claimant's testimony he did not believe and why.  Therefore, when this case is remanded, the ALJ shall make credibility findings of the statements and testimony of the plaintiff and his mother in accordance with the case law set forth above.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 30th day of January, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge